IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADIBA TILLOEVA,           : | |
|     Plaintiff,           : | |
|         : | |
| v.           : | Case No. 2:24-cv-6710-JDW |
|         : | |
| PHILADELPHIA POLICE           : | |
| DEPARTMENT, *et al.*,           : | |
|     Defendants.           : | |

### MEMORANDUM

Adiba Tilloeva has filed a *pro se* Complaint raising claims against the Philadelphia Police Department and an Officer who she identifies only by badge number. She also seeks leave to proceed *in forma pauperis*. I will grant her *in forma pauperis* status and dismiss her claims upon statutory screening.

### I.    FACTUAL ALLEGATIONS

On August 19, 2024, Ms. Tilloeva had a "physical altercation" with a letter carrier for the United States Postal Service that began with the letter carrier throwing mail at her and then "escalated … into a physical altercation, causing injuries that required [her] to be hospitalized." (ECF No. 2 at ¶ 8.) Ms. Tilloeva called 911, and a Philadelphia Police Officer, "Badge No. 3670," responded. The Officer "briefly spoke" to Ms. Tilloeva, but she "struggled to communicate due to limited English proficiency." (*Id.* at ¶ 10.) She claims that, "instead of taking a detailed report" from her, the Officer "engage[d] in extended conversation and unprofessional behavior" with the letter carrier, "including laughing and

giggling." (*Id.*) The Officer never took a statement from her, "despite the presence of [her] neighbors, who witnessed the incident, spoke English, and were available to translate." (*Id.* at ¶ 11.) The Officer "failed to document" Ms. Tilloeva's account of the altercation and left her with a card containing a case number. When Ms. Tilloeva's cousin called the Police Department the next day, he discovered that the incident number did not exist in the Department's system. The cousin then lodged a misconduct complaint against the Defendant Officer. A different officer came to Ms. Tilloeva later that day and "properly documented the report, assigning a valid case number." (*Id.* at ¶ 14.)

Ms. Tilloeva claims that "Defendant Officer's actions—including the failure to take [Ms. Tilloeva]'s report, issuing a false case number, and engaging in racially biased and unprofessional behavior—caused significant emotional distress and delayed justice." (*Id.*) For relief, she seeks an unspecified amount of compensatory and punitive damages. (*Id.* at ¶ 15.)

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.    ANALYSIS

#### A.    *In Forma Pauperis*

Ms. Tilloeva has filled out the required form that demonstrates that she lacks the income or assets to pay the required filing fees. I will therefore grant her leave to proceed *in forma pauperis*.

#### B.    Plausibility Of Claims

##### 1.    Claims against the Philadelphia Police Department

Although the Third Circuit has not reached the issue in a precedential decision, panels of the Third Circuit and district judges within the Circuit have held that a police department like the Philadelphia Police Department is a sub-unit of the local government,

not an independent entity.[1] Therefore, a plaintiff cannot sue a police department.[2] I agree, and I will therefore dismiss the claims against the Philadelphia Police Department.[3]

### 2. Claims against individual officer

#### a. Due process

Ms. Tilloeva has failed to state a due process claim because an individual citizen generally has no due process right to police protection or enforcement of state laws. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005). Nor does she have a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, I will dismiss Ms. Tilloeva's due process claim against the Officer. Because she cannot cure that claim with additional facts, I will do so with prejudice.

---

[1] *See, e.g., Padilla v. Twp. Of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) *Laws v. Borough of Lansdale*, 2024 WL 1078203, at n.9; *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993)

[2] I do not construe the Complaint to allege municipal liability against the City of Philadelphia. Ms. Tilloeva does not allege that her injury occurred as a result of a policy or custom that some decisionmaker adopted for the City, nor does she allege that the City was deliberately indifferent to her rights. Without those allegations, she cannot maintain a claim against the City. *See Estate of Roman v. City of Newark*, 914 F.3d 789, 798-99 (3d Cir. 2019).

[3] Because Ms. Tilloeva has only been able to identify the Defendant Officer by badge number, I will retain the Department as a Defendant at this time for purposes of assisting with identifying and serving the officer.

### b.     Equal protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Under the Equal Protection Clause, the ""State may not … selectively deny its protective services to certain disfavored minorities." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 197 n.3 (1989) (citation omitted).

To the extent that Ms. Tilloeva asserts a claim based on the selective enforcement of laws in a discriminatory manner, she must plead facts demonstrating "(1) that [s]he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor . . . or to prevent the exercise of a fundamental right." *Dique v. New Jersey State Police,* 603 F.3d 181, 184 n. 5 (3d Cir. 2010) (quotations omitted). A plaintiff bringing a selective enforcement claim under section 1983 must also plead that the alleged action was taken with discriminatory purpose, not mere unequal treatment or adverse effect, and that the state actor took a particular course of action at least in part because of, not merely in spite of, its adverse effects. *See Jewish Home of E. Pa. v. Ctrs. for Medicare & Medicaid Servs.,* 693 F.3d 359, 363 (3d Cir. 2012); *Wayte v. United States,* 470 U.S. 598, 610 (1985)).

Ms. Tilloeva does not indicate her race, national origin, or the language that she speaks. Construing her claim in the most favorable light, she appears to allege that, as a non-English speaker, the Officer treated her differently than the letter carrier, who spoke English with the Officer. But Ms. Tilloeva does not allege facts to establish that she was similarly situated to the letter carrier or to any other individual or group treated differently than she was. She alleges only that the Officer demonstrated unprofessional behavior and that the case number the Officer provided to her did not yield any results when sher cousin called the Police Department the next day. These vague facts, coupled only with the conclusory allegation that they amounted to "racially biased behavior" fail to state a claim to relief.[4] I will therefore dismiss them, but I will do so without prejudice, and I will give Ms. Tilloeva a chance to file an amended complaint with more details, if she can do so consistent with this opinion.

### c.     Negligence

I assume that Ms. Tilloeva's negligence claim arises under state law because Section 1983 does not allow for claims based on a state actor's negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989). I have dismissed all of Ms. Tilloeva's federal claims, and I will not exercise supplemental jurisdiction over any state law claims at this point of the

---

[4] Even assuming that Ms. Tilloeva intended to state a claim on a "class of one" theory, rather than based on any protected characteristic, she still has failed to identify any differential treatment of similarly situated individuals. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) Accordingly, Ms. Tilloeva's equal protection claim will be dismissed without prejudice to amendment.

proceedings. *See* 28 U.S.C. § 1367. In addition, Ms. Tilloeva has not shown that I have an independent basis to assert jurisdiction over her state law claim, which would exist only if she and the Officer are from different states and there is more than $75,000 at stake in the case. I will therefore dismiss her state law claim without prejudice.

**IV.     CONCLUSION**

I will grant Ms. Tilloeva leave to proceed *in forma pauperis*. I will dismiss her claims against the Philadelphia Police Department and her due process claim against the Officer with prejudice. I will dismiss her equal protection claim and her state law claim against the Officer without prejudice. She may file an amended complaint, but she must mind the basis for this decision, and she can only file that amended pleading if she has a good faith basis to allege additional facts. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

February 25, 2025